FILED

**NOT FOR PUBLICATION**

MAY 26 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMIE JOHNSON, | No. 10-35127 |
| Plaintiff, | D.C. No. 3:09 cv 5217 BHS |
| and | |
| CHRISTOPHER D. JOHNSTON, | MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |
| COUNTRYWIDE HOME LOANS INC, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 15, 2011
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs Amie Johnson and Christopher D. Johnston ("Plaintiffs") appeal from the district court's dismissal of their diversity suit against defendant Countrywide Home Loans Inc. ("Defendant") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs also appeal the district court's denial of leave to file a second amended complaint. We have jurisdiction over the appeal under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly held that the 2008 amendment to Wash. Admin. Code § 208-620-560 ("Section 560") applies retroactively to Defendant's loan to Plaintiffs. The principle that there are no vested rights in causes of action arising out of usury laws and similar laws and regulations is clearly established in Washington law. *Cazzanigi v. Gen. Elec. Credit Corp.*, 938 P.2d 819, 823 (Wash. 1997); *Sparkman & McLean Co. v. Govan Inv. Trust*, 478 P.2d 232, 234-35 (Wash. 1971). Moreover, the responses of the Washington Department of Financial Institutions ("DFI") to comments received during the rulemaking process clearly show that DFI intended that the 2008 amendment would clarify, and not alter, the

rule as it was applied at the time of amendment. *See, e.g.*, *Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co.*, 146 P.3d 914, 921-22 (Wash. 2006).[1]

**2.** The district court did not err in holding that Plaintiffs failed to make any factual allegations in support of their claim that the discount points charged in connection with their loan from Defendant violated Washington's Consumer Loan Act and Consumer Protection Act. Plaintiffs' assertions that the discount points did not reduce the interest rate on their loan (or did not do so to a degree commensurate with the amount paid in points) are legal conclusions unsupported by factual allegations. The fact that the interest rate Plaintiffs paid on their loan is higher than the national average is in no way probative of those conclusions. The factual allegations in Plaintiffs' complaint therefore do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This deficiency means that Plaintiffs also cannot sustain a claim under Wash. Admin. Code § 208-660-500(3).

**3.** The district court did not abuse its discretion in denying Plaintiffs leave to amend their complaint a second time. *See Griggs v. Pace Am. Group, Inc.*,

---

[1] Because we uphold the district court's ruling on the retroactivity of the 2008 amendment, we need not reach the question of whether the federal Depository Institutions Deregulation and Monetary Control Act of 1980 preempts the application of Section 560 to Defendant's loan to Plaintiffs.

170 F.3d 877, 879 (9th Cir. 1999). We note that the district court erroneously construed the re-submitted version of Plaintiffs' first amended complaint (with footnotes restored) as the proposed second amended complaint. Nonetheless, the district court was correct that any amendment would have been futile, because the facts pled by Plaintiffs were insufficient to establish any wrongdoing by Defendant, and Plaintiffs did not seek leave to allege any additional facts, but merely sought to add additional causes of action based on the same facts. Therefore, even upon de novo review, "it is clear . . . that the complaint could not be saved by any amendment." *Id.* (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998)).

**AFFIRMED**.